**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **WESTERN SURETY COMPANY,**  *Plaintiff* | * * |
| v. | *   Case No.: 8:20-cv-01168-PWG |
| **UNITED SHEET METAL, INC, et al.,**  *Defendants.* | * * |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION

I have reviewed Plaintiff Western Surety Company's ("Western Surety") Motion for Default Judgment, ECF No. 23, the supporting declarations of Kenneth Mastny, Esq., ECF No. 23-2, and Richard Pledger, Esq., ECF No. 23-14, and the record in this case.[1] For the following reasons, Plaintiff's motion shall be GRANTED. I will award a judgment of $564,231.94, plus $70,338.46 at the prejudgment interest of six percent per annum,[2] and post-judgment interest to accrue at the legal rate.[3]

Western Surety commenced this action on May 7, 2020 by filing a complaint alleging that Defendants United Sheet Metal, Inc. ("USM"), The Duct Connection Company ("TDCC"),

---

[1] Defendant has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a) (D. Md. 2021). A hearing is not necessary. *See* Loc. R. 105.6.

[2] I have calculated interest totaling $55,693.15 for the $350,000 settlement payment based on interest accruing at six percent per annum from February 5, 2018; $13,116.24 for the $82,598.84 in attorneys' fees, costs, and expenses related to the Union Litigation accruing from February 7, 2018; and $1,529.07 for the $112,070.31 in attorneys' and consultants' fees, costs, and expenses related to the U.S. Engineering Litigation accruing from July 9, 2020. *See* Mem. in Supp. of Pls.' Mot. 12-13, ECF No. 23-1. Western Surety is not claiming prejudgment interest for fees, costs, and expenses resulting from this instant indemnity litigation. *Id.* at 6.

[3] *See* 28 U.S.C. § 1961.

Rhode House, LLP ("Rhode House"), Jimmie G. Roberts, Jr. ("Mr. Roberts"), and Tracy Leigh Roberts ("Mrs. Roberts"), (collectively "Defendants"), violated the terms of the General Agreement of Indemnity (the "GAI"). Compl. ¶¶ 1–6, 10–11, ECF No. 1; *see* GAI, ECF No. 23-3.[4] Western Surety had issued a Contractors Fringe Benefits Bond and a Subcontract Performance Bond for The Defendants in relation to various construction projects. Pl.'s Mot. 1–2, ECF No. 23. Western Surety alleges that the Defendants defaulted under the terms of its contracts and the aforementioned bonds. *Id*. at 3. Western Surety requests $564,231.94 for its net loss through September 28, 2020, plus prejudgment interest of six percent per annum, post-judgment interest and such other and further relief as is just and equitable. Pl.'s Mot. 2; Mem. in Supp. of Pls.' Mot. 13, ECF No. 23-1.

Defendants were properly served and did not respond. Pl.'s Mot. 2.[5] Western Surety moved for entry of default. *See* ECF No. 15; ECF No. 16. The Clerk ordered default against Defendants on August 20, 2020, ECF No. 17, to which the Defendants did not respond.[6]

**Factual Background**

The following facts are taken from the Complaint and the Declarations of Kenneth Mastny, Esq. and Richard Pledger, Esq. and are accepted as true. *See* Compl., ECF No 1; Mastny Decl.,

---

[4] Identical versions of the GAI are included in the record as Exhibit 1 to the Complaint (ECF No. 1-2) and as an exhibit to the Mastny Declaration (ECF No. 23-3).

[5] On May 20, 2020, USM and TDCC were served. On May 22, 2020, Defendant Mrs. Roberts was personally served. Mem. in Supp. of Pls.' Mot. 2. On May 15, 2020 and on May 19, 2020, Western Surety made good faith attempts to serve Mr. Roberts. *Id.* On May 22, 2020, Mr. Roberts was served via personal service upon Mrs. Roberts. *Id.* On May 15, 2020 and May 19, 2020, Western Surety made good faith attempts to serve Mr. Roberts, the resident agent of Rhode House. *Id.* On May 27, 2020, the Maryland State Department of Assessments and Taxation was served as the substitute agent for Rhode House in accordance with Fed. R. Civ. P. 4(h)(1)(B); Md. Code, Courts and Judicial Proceedings, § 6-301; Md. Code, Corporations and Associations, § 1-401(b)(1); and Md. R. Civ. P. Cir. Ct. 2-124(o). Mem. in Supp. of Pls.' Mot. 2–3.

[6] On August 20, 2020, Notice of Default was sent to Defendants. *See* ECF Nos. 18–22. None of the Defendants responded. Pl.'s Mot. 2.

ECF No. 23-2; Pledger Decl., ECF No. 23-14. Western Surety is a surety company, organized and existing under the laws of the State of South Dakota. Mastny Decl. 2. Defendant TDCC and Rhode House were affiliated entities under common ownership with USM. *Id.* Defendant Mr. Roberts was a member of USM and TDCC and a partner in Rhode House. *Id.* Defendant Mrs. Roberts is Mr. Roberts' spouse. *Id.*

In 2010, Defendants asked Western Surety to issue surety bonds for various construction projects. *Id.* On October 4, 2010, USM, as principal and corporate indemnitor, TDCC and Rhode House, as additional corporate indemnitors, and Mr. Roberts and Mrs. Roberts, in their individual capacities, entered into the GAI with Western Surety. Compl. ¶ 10. Under the GAI, each defendant, jointly and severally, promised to:

> indemnify and save the Company [Western Surety] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company may pay or incur in consequence of having executed, or procured the execution of such bonds…including, but not limited, to fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement….In the event of payments by the Company, the Indemnitors agree to accept the voucher or other evidence of such payments as prima facie evidence of the propriety thereof, and of the Indemnitors' liability therefore to the Company.

GAI 1, ¶ 2.

Western Surety then considered and approved USM's requests for the issuance of the following surety bonds. First, on September 1, 2011, Western Surety issued a $500,000 Contractors Fringe Benefits Bond, naming USM as its principal; the obligees were the Sheet Metal Workers' Local Union No. 100 (the "Union") and the Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Health Benefit, Pension, 401(k), Apprenticeship and Vacation Funds (the "Funds"). Mastny Decl. 3; *see* Union Bond, ECF No. 23-4. Second, on April 3, 2012, Western Surety issued a $585,000 Subcontract Performance Bond, naming USM as its principal

3

and U.S. Engineering Company ("U.S. Engineering) as its obligees. Decl. of Kenneth Mastny 3; *see* U.S. Engineering Bond, ECF No. 23-5.

### A. Union Claim

USM employed members of the Union to perform work on its construction projects. Compl. ¶ 13. USM failed to timely pay wages, dues, and contributions to the Union and the Funds for the work of their members in violation of the Union's Collective Bargaining Agreement. *Id.* ¶ 14. On March 20, 2014, Western Surety received a claim from the Union and Funds against their Contractors Fringe Benefits Bond in the amount of $221,875.66 for unpaid wages, dues, and contributions allegedly owed by USM for January 2014. *Id.*; *see* Letter from Union, ECF No. 23-6. Western Surety sent letters to the Defendants on March 28, 2014 and April 15, 2014 to investigate the Union and Funds' claim. Compl. ¶ 15; *see* ECF No. 23-7; ECF No. 23-8. Western Surety's counsel had limited communications with USM's officer regarding aspects of the claim and Western Surety alleges that the Defendants did not provide a "meaningful response." Compl. ¶ 15. Additionally, while Western Surety was investigating the claim, USM discharged its employees and closed its doors. *Id.* On or about February 25, 2015, the Union and Funds filed a complaint against Western Surety, alleging that USM owed the Union and Funds $671,201.25 for wages, dues and contributions for the time period January–March 2014, and seeking forfeiture of the Contractors Fringe Benefits Bond in the full amount of $500,000. *Id.* ¶ 16.

The Union and Funds claim resulted in the *Trustees of the Sheet Metal Workers Local Union No. 100 Washington, D.C. Area Pension Fund, et al. v. W. Sur. Co.*, No. 8:15-cv-01175-GJH litigation (the "Union Litigation"). *Id.* Western Surety successfully avoided summary judgment and ultimately settled its dispute with the Unions and Funds on or about January 23, 2018 for

$350,000. *Id*. ¶ 17; *see* Settlement Check, ECF No. 1-9. According to the settlement terms, the Union and Funds dismissed the litigation with prejudice and assigned their claims against USM to Western Surety. *Id.* ¶ 18; *see* Release and Assignment, ECF No. 1-8. Throughout the Union and Funds litigation, Western Surety incurred and paid attorneys' fees, costs, and expenses of $82,598.84.[7] Mem. in Supp. of Pls.' Mot. 4.

### B. U.S. Engineering Claim

On September 9, 2013, U.S. Engineering terminated its subcontract with USM because USM failed to timely and adequately perform its obligations under its subcontract with U.S. Engineering. Compl. ¶ 20. Without informing Western Surety, U.S. Engineering completed USM's scope of work on the South African Embassy Project using other subcontractors. *Id.* ¶ 21. Further, unknown to Western Surety, USM initiated an arbitration proceeding against U.S. Engineering for improper termination with the American Arbitration Association, and U.S. Engineering counterclaimed in the arbitration to recover its costs to complete the project from USM. *Id.* While the arbitration was pending, USM discharged its employees and closed its doors. *Id.* ¶ 22.

After USM closed its doors, U.S. Engineering provided Western Surety with its first notice of issues related to the South African Embassy Project and asserted a claim against its Subcontract Performance Bond on June 9, 2014. *Id.*; *see* U.S. Engineering Initial Claim Letter, ECF No. 1-10. U.S. Engineering attempted to join Western Surety as a party in the arbitration proceeding. Compl. ¶ 22. On March 6, 2015, Western Surety filed a complaint for declaratory

---

[7]  While the Complaint, alleges that Western Surety spent $84,974.31 in attorneys' fees, costs, and expenses, the Memorandum for the Motion for Default Judgment, ECF No. 23-1, and Richard Pledger's Affidavit Declaration, ECF No. 23-14, allege that Western Surety spent $82,598.84 in attorneys' fees, costs, and expenses. Therefore, this Court finds that Western Surety spent $82,598.84 on attorneys' fees, costs, and expenses for the Union and Funds Litigation.

judgment and injunctive relief against U.S. Engineering, which initiated *W. Sur. Co. v. U.S. Eng'g Co.,* No. 1:15-cv-327 (the "U.S. Engineering Litigation") in the U.S. District Court for the District of Columbia. Compl. ¶ 23. Western Surety and U.S. Engineering engaged in extensive litigation over the following four years. *Id.* ¶ 24. Western Surety prevailed on summary judgment as to all counts in its complaint, and the Subcontract Performance Bond was discharged without loss. *Id.* U.S. Engineering appealed the decision to discharge the bond to the U.S. Court of Appeals for the D.C. Circuit in the case *W. Sur. Co. v. U.S. Eng'g Co.,* No. 19-7033. *Id.* On April 7, 2020, the U.S. Court of Appeals for the D.C. Circuit affirmed the district court's opinion. *Id.* ¶ 25. As of April 30, 2020, Western Surety had incurred and paid $108,852.18 in attorneys' fees, costs, and expenses with respect to the South African Embassy Claim and the U.S. Engineering Litigation. *Id.* ¶ 27.

As a result of the Union and U.S. Engineering litigation, Western Surety claims that it has suffered a loss of $350,000 on the Union and Funds Contractors Fringe Benefits Bond, and has also incurred $214,231.94 in attorneys' fees, costs, and expenses related to the bond claims and this indemnity lawsuit. Mem. in Supp. of Pls.' Mot. 4–5 (bond amount), 10 (attorneys' fees).

**Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v.*

6

*Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is unresponsive. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

Without a statutory mandate, prejudgment interest is up to the trial court's discretion. *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1030 (4th Cir. 1993). Prejudgment interest helps "compensate for the loss of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *West Virginia v. United States,* 479 U.S. 305, 310–11 n. 2 (1987). This Court may lawfully award prejudgment interest, and it is bound by Maryland law in diversity cases such as the instant suit. *See Mezu v. Progress Bank of Nigeria, PLC*, Civ. No. JKB-12-2865, 2013 WL 6531626, at *1 (D. Md. Dec. 11, 2013) (citing *DiFederico v. Marriott Int'l, Inc.,* 714 F.3d 796, 807 (4th Cir. 2013)). According to the Maryland Constitution, the legal rate of interest is six percent, unless otherwise provided by the Maryland General Assembly. Md. Const. art. III, § 57.

## Discussion

Taking the Plaintiff's well-pleaded factual allegations as true, Western Surety has established that the Defendants have failed to indemnify Western Surety according to the terms of

the GAI for the Union and Funds settlement, and attorneys' fees, costs, and expenses associated with the Union and Funds and U.S. Engineering's litigation. Additionally, Western Surety submitted exhibits to the motion for default judgment establishing Defendants' breach of the GAI, including: the GAI, ECF No. 23-3; the Union and Funds Benefits Bond, ECF No. 23-4; the U.S. Engineering Company's Subcontract Performance Bond, ECF No. 23-5; a letter from the Union to Western Surety related to the contributions that USM owed to the Funds, ECF No. 23-6; a letter from Western Surety to the Defendants related to the Union's claim and requesting for their response, ECF No. 23-7; a letter from Western Surety to the Defendants stating that Western Surety did not receive a response from the Defendants, ECF No. 23-8; the Release and Assignment Agreement between Western Surety, the Union, and the Funds, ECF No. 23-9; a June 9, 2014 letter from U.S. Engineering to Western Surety related to USM's failure to perform under their subcontract agreement and a claim against the U.S. Engineering Bond, ECF No. 23-11; and a letter on September 9, 2013 from U.S. Engineering to USM notifying USM of their default, ECF No. 23-12. Therefore, Defendants are liable for failing to indemnify Western Surety for liabilities, losses, expenses, and attorneys' fees related to the Union and Funds' Contractors Fringe Benefits Bond and U.S. Engineering's Subcontract Performance Bond.

      I also find that Western Surety has presented an adequate evidentiary basis from which to calculate damages. *See Mata*, 2015 WL 6674650, at *3. Under the GAI, Western Surety is entitled to attorneys' fees, and "the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors." GAI 1. Western Surety submitted exhibits with their motion, ECF No. 23, with information about the costs that it has incurred pursuing the instant litigation, as well as the attorneys' fees, costs, and expenses related to the Union and Funds and U.S. Engineering claims, including: a settlement check from Western Surety on behalf of USM to the Union and the Funds, ECF No. 23-10; an invoice for consultants'

fees related to the U.S. Engineering litigation, ECF No. 23-13; and invoices related to the attorneys' fees for the Union and Funds claim, U.S. Engineering claim, and Western Surety's indemnity recovery claim, ECF No. 23-15.

Additionally, this Court finds that a six percent per annum prejudgment interest is appropriate. *See* Md. Const. art. III, § 57.

## **CONCLUSION**

Plaintiffs' Motion for Default Judgment, ECF No. 23, is GRANTED. Judgment in the amount of $634,570.40 and post-judgment interest to accrue at the legal rate, shall be entered against Defendants.

A separate Order will follow.

DATED this <u>19th</u> day of August 2021.

BY THE COURT:

/s/
Paul W. Grimm
United States District Judge
